UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID DEJERINETT,

    Plaintiff,

v.                                  Case No. 3:22cv798-LC-HTC

LIEUTENANT J. WHITE, et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, David Dejerinett, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint purporting to state claims under 42 U.S.C. § 1983. ECF Doc. 1. The complaint was not accompanied by a motion to proceed *in forma pauperis* or the Court's filing fee. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice as malicious for Plaintiff's failure to comply with Court orders and failure to truthfully disclose his litigation history.

## I. FAILURE TO COMPLY WITH COURT ORDERS

On January 24, 2022, the Court entered an order instructing Plaintiff to, within twenty-one (21) days, file a motion to proceed *in forma pauperis* of pay the $402.00 filing fee. ECF Doc. 4. Plaintiff was advised his failure to comply with the order, may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court. *Id.* Nonetheless, Plaintiff did not comply with that order. Thus, on February 23, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 5. That same day, the Court's January 24, 2022 Order was returned as undeliverable. ECF Doc. 6.

On February 24, 2022, Plaintiff filed a letter, which the clerk docketed as a Notice of Change of Address, indicating he was transferred on January 31, 2022. ECF Doc. 7. Plaintiff also claimed he was "turning in [his] $402.00 or have turned it in." ECF Doc. 7 at 1. Although the Court's February 23 Show Cause Order had not been returned undeliverable, the Court entered an Order directing the clerk to re-send the Order to the updated address and further informed Plaintiff that it had still not received either a filing fee or a motion to proceed *in forma pauperis*.

On or around March 14, 2022, Plaintiff filed a "Declaration" in response to the Court's Show Cause Order, stating the institution he left "wouldn't let him pay the fee, to stop [him] from filing." ECF Doc. 9 at 1. Plaintiff also states he has filed

Case No. 3:22cv798-LC-HTC

the special withdrawal form at his current institution. *Id*. Plaintiff, however, submitted no evidence to show he has taken affirmative steps to get the fee paid and no evidence he has addressed this issue with the institution. Moreover, it has now been almost two (2) months since Plaintiff was ordered to pay the fee – something he should have done when he filed the complaint.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Thus, as an initial matter, this case should be dismissed for Plaintiff's failure to pay the filing fee.

Moreover, the Court finds giving Plaintiff additional time to comply to be futile. Although the Court does not generally screen a prisoner's complaint until after he has been granted indigency status or has paid the filing fee, the Court did so here for judicial efficiency. As set forth below, upon such review, the Court determined Plaintiff has failed to truthfully disclose his litigation history as required in the complaint form.

## II. PLAINTIFF'S FAILURE TO DISCLOSE HIS LITIGATION HISTORY

This matter is also subject to dismissal based on Plaintiff's failure to truthfully disclose his entire litigation history. In Plaintiff's complaint form, Plaintiff was specifically asked whether he had "filed any other lawsuit in federal court either challenging [his] conviction or otherwise relating to the conditions of [his] confinement?" ECF Doc. 1 at 13. Plaintiff checked "NO" and did not identify any previous actions on the Court's form. That representation was not truthful.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. Upon such an investigation, the undersigned takes judicial notice of the following action Plaintiff filed but did not disclose:

> *Dejerinett v. Burch*, 4:19cv203-RH-HTC (Northern District of Florida) (§ 1983 action dismissed for failure to state a claim on which relief can be granted)

The plaintiff in that case bears Plaintiff's name, David Dejerinett, and the same Florida Department of Correction's inmate number, A-134206. Also, the signature of the plaintiff in that case and this one are identical. Thus, there can be no doubt that case was one filed by Plaintiff and should have been disclosed. The complaint form instructed Plaintiff that ***"[f]ailure to disclose all prior cases may result in the dismissal of this case.***" ECF Doc. 1 at 14 (emphasis in original).

Plaintiff's failure to disclose this prior action is not his only misrepresentation. Notably, on page twelve (12) of the complaint, Plaintiff was also asked whether he "had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" ECF Doc. 1 at 12. Plaintiff checked "NO" even though he knew that representation was not truthful. Indeed, as set forth above, Plaintiff's 2019 action was dismissed with a strike for failure to state a claim. Plaintiff made these false representations, despite signing his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 14-15.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case

without prejudice where prisoner failed to disclose one (1) prior federal case). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Accordingly, it is respectfully RECOMMENDED, that:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's failure to comply with Court orders and Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 18th day of March, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.